IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALVARO ANTONIO OPORTA,

Petitioner,

vs.

WARDEN MCCOOK DETENTION CENTER, in his official capacity, and TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,

Respondents.

8:26-CV-736

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking release from U.S. Immigration and Customs Enforcement custody. Filing 1. The petitioner was detained on May 5, 2026, and he argues that his continued detention is unlawful. *See* filing 1.

This is not his first petition. In case no. 8:26-cv-363, on August 3, 2026, this Court conditionally granted his previous petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing on or before September 4. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). That bond hearing was held pursuant to 8 U.S.C. § 1226(a) and bond was denied. Case no. 8:26-cv-363 filing 12. The petitioner alleges that he appealed to the Board of Immigration Appeals, and that appeal remains pending. Filing 1 at 6, 10.

The petitioner asserts that his continued detention violates due process. *See* filing 1 at 13-15. But the plaintiff was already afforded a bond hearing pursuant to 8 U.S.C. § 1226(a), and was detained because he was found to be a flight risk. *See* filing 8-3. Nothing in his petition suggests that the petitioner

didn't receive all of the process to which he was due. *See* filing 1. *Singh v. Sommer*, No. 7:26-CV-5013, 2026 WL 2042296 (D. Neb. July 15, 2026); *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026). And because the petitioner was provided with a bond hearing pursuant to § 1226(a), he can request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1).

Because the petitioner doesn't allege requesting a custody redetermination hearing, he failed to administratively exhaust his claim that his continued detention is unlawful. *See Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006). Accordingly,

IT IS ORDERED:

1. The motion for leave to proceed in forma pauperis (filing 2) is granted.

2. The petition for writ of habeas corpus is denied.

3. A separate judgment will be entered.

Dated this 25th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge